IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMMY J. MOORE, Inmate #R05044, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 11-cv-1148-JPG |
| | ) |
| PETER LISZEWSKI and MARK G. COULEAS, | ) |
| | ) |
| | ) |
| Defendants. | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court for case management after transfer of this case to this Court from the Central District of Illinois. The case was originally filed there under Case No. 07-cv-1173. On July 24, 2007, the Central District of Illinois dismissed Plaintiff's excessive force claim against Defendants Peter Liszewski and Mark Couleas, but allowed his claim for deliberate indifference to proceed. On September 28, 2009, the Central District granted Defendants' motion for summary judgment, dismissing Plaintiff's case (Doc. 113). Plaintiff appealed this decision on October 13, 2009 (Doc. 115). On August 19, 2011, the United States Court of Appeals for the Seventh Circuit reversed and remanded the case for further proceedings on Plaintiff's excessive force claim (Doc. 144). As the claim arose at Pinckneyville Correctional Center, which is located in the Southern District of Illinois, the case was transferred to this Court on December 30, 2011 (Doc. 153).

Defendants Liszewski and Couleas filed an answer on December 6, 2011 (Doc. 150). Therefore, **IT IS ORDERED** that, pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Frazier for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents, and may result in a dismissal of this action for want of prosecution.

**IT IS SO ORDERED.**

DATED:  February 27, 2012

                                              *s/J. Phil Gilbert*
                                              **United States District Judge**