UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SAMMY J. MOORE,

    Plaintiff,

    v.

PETER LISZEWSKI and MARK G. COULEAS,

    Defendants.

Case No. 11-cv-1148-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Sammy J. Moore's motion to reinstate his second amended complaint (Doc. 156). The Court construes this as a motion to reconsider the December 16, 2011, order of Judge Harold A. Baker, which struck the second amended complaint because it contained a claim (Count II – deliberate indifference to a serious medical need) that had been affirmed on appeal and not included in the remand of this case, which was limited to claims for excessive force (Count I). The defendants have responded to Moore's motion (Doc. 160), and Moore has replied to that response (Doc. 162).

"A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)); Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). The decision whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only

for a compelling reason such as a manifest error or a change in the law that reveals the prior ruling was erroneous.  *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008);  *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007).

Judge Baker's decision to strike Moore's second amended complaint was correct.  The Court of Appeals for the Seventh Circuit found his ruling granting the medical defendants' motion for summary judgment on Moore's deliberate indifference claims (Count II) to be correct.  While the remand does not explicitly state that it is limited to the excessive force claim (Count I), the opinion viewed as a whole clearly indicates the Court of Appeals only intends the District Court to consider the excessive force claims (Count I) on remand.  Thus, the deliberate indifference claims (Count II) were not remanded and are not before the Court.

However, the Court believes the most expeditious way to advance this litigation is to reinstate Moore's second amended complaint, but only to the extent it pleads his claims of excessive force (Count I).  In light of Moore's apparent unwillingness to accept the limited nature of this case going forward, waiting until Moore submits a pleading omitting his deliberate indifference claims (Count II) would unnecessarily delay the final resolution of this matter.

For these reasons, the Court **GRANTS** the motion to reinstate (Doc. 156), **DIRECTS** the Clerk of Court to reinstate the second amended complaint (Doc. 149) as to Moore's excessive force claims (Count I) only.  His deliberate indifference claims (Count II) were not remanded from the Court of appeals and remain dismissed.  The only defendants remaining in this case are Liszewski and Couleas.

**IT IS SO ORDERED.**
**DATED: April 2, 2012**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**