IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMMY J. MOORE,<br><br>    **Plaintiff,**<br><br>vs.<br><br>PETER LISZEWSKI and MARK G. COULEAS,<br><br>    **Defendants.** | )<br>)<br>)<br>)<br>)  Case No.   11-cv-1148-SCW<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

Before the Court are two motions *in limine*. Defendants have filed a motion *in limine* (Doc. 219) requesting that Plaintiff be barred from testifying at trial regarding the causation of his medical condition and that he be barred from offering evidence regarding any indemnification the Defendants might receive from the State of Illinois. Plaintiff has also filed a motion *in limine* (Doc. 227) requesting that Defendants be barred from offering testimony as to the names of the convictions that Plaintiff is currently incarcerated for. The parties have filed Responses to the respective motions (Docs. 226 and 228, respectively). The Court rules as follows.

In their motion *in limine* (Doc. 219), Defendants ask that Plaintiff be barred from testifying at trial regarding the causation of his medical condition and be barred from offering testimony about the State of Illinois indemnifying Defendants. As to testimony regarding causation, the parties have agreed, as does the Court, that Plaintiff is barred from testifying as to the causation of his migraines. Plaintiff may testify about the facts of the alleged assault by Defendants as well as the symptoms of and the fact that he suffered from migraines after the assault, but the parties have agreed that he will not testify as to the cause of those migraines. Plaintiff is also prevented, by agreement of the parties, from testifying about any statements made by the medical staff, who treated Plaintiff,

about his medical condition.   Such evidence would be hearsay and thus inadmissible.   Plaintiff also does not object to barring testimony that the State of Illinois will indemnify defendants, and thus that evidence is barred as well.   Accordingly, the Court **GRANTS** Defendants' motion *in limine* (Doc. 219).

Plaintiff has also filed a motion *in limine* (Doc. 227) seeking to bar testimony regarding his prior convictions.   Defendants have responded that the testimony is relevant and admissible under **Federal Rule of Evidence 609(a).**   The Court notes that Plaintiff has been convicted of five felony convictions, one of which he received for Aggravated Battery from the alleged incident involving defendants.

**FEDERAL RULE OF EVIDENCE 609** states that "evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403['s rule excluding relevant evidence that is unduly prejudicial], if the crime was punishable by death or imprisonment in excess of one year."   **FED.R.EVID. 609(a)(1).**   The ten year period in Rule 609 is calculated from the later of the date of conviction or release.   **FED.R.EVID. 609(b).**   However, the admissibility of evidence is subject to Rule 403 which provides that "relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice."   **FED.R.EVID. 403.**

As to the four convictions other than the Aggravated Battery charge, the Court finds that the name of Plaintiff's crime and the sentence Plaintiff received for the crime is highly prejudicial. However, the Court also finds that, as Defendants have stated, the conviction has some probative value.   Thus, the Court **ORDERS** that, as to those four convictions, Defendants may elicit the number of convictions, and the fact that they are felonies, for which Plaintiff is currently incarcerated, but Defendants shall not elicit testimony regarding the nature of the convictions or the sentence that Plaintiff received as such testimony would be highly prejudicial and outweighs the probative value of the evidence.   However, as to the 2007 Aggravated Battery conviction which stems from the incident

at issue in this case, the Court finds that such testimony regarding the conviction is both permissible and relevant.  Thus, Defendants may elicit testimony regarding that conviction.  Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion *in limine* (Doc. 227).

**IT IS SO ORDERED**.
DATED: June 17, 2013.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge